UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-60458-LENARD/O'SULLIVAN

SREAM, INC. a California Corporation,

    Plaintiff,

v.

GRATEFUL J'S, INC., a Florida Corporation,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Amended Complaint and Incorporated Memorandum of Law (DE # 44, 11/10/17). This motion was referred to the undersigned pursuant to 28 U.S.C. § 636. See Endorsed Order (DE# 45, 11/13/17).

## BACKGROUND

The plaintiff has alleged two causes of action[1] against the defendant: (1) False Designation of Origin/Unfair Competition under 15 U.S.C. § 1125(a) (Count III) and (2) violation of the Florida Deceptive and Unfair Trade Practices Act (Count IV). See Plaintiff's Amended Complaint (DE# 13, 4/25/17). On October 27, 2017, the defendant filed its answer and asserted seven affirmative defenses. See Defendant's Answer and

---

[1] Initially, the plaintiff had asserted four causes of action against the defendant. Plaintiff's Amended Complaint (DE# 13, 4/25/17). The Court dismissed Counts I and II of the Amended Complaint. See Order Granting Defendant's Motion for Leave to File a Sur-Reply (D.E. 21) and Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's Complaint (D.E. 17) (DE# 40, 10/13/17).

Affirmative Defen][ ]ses to Plaintiff's Amended Complaint (D.E. 13) (DE# 42, 10/27/17) (hereinafter "Answer").

On November 10, 2017, the plaintiff filed the instant motion seeking to strike five affirmative defenses. See Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Amended Complaint and Incorporated Memorandum of Law (DE # 44, 11/10/17) (hereinafter "Motion"). The defendant filed its response in opposition on November 27, 2017. See Defendant's Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defen[ses] to Plaintiff's Amended Complaint [D.E. 44] for Failure to Comply with Local Rule 7.1(a)(3) (DE# 47, 11/27/17) (hereinafter "Response"). The plaintiff filed its reply on December 4, 2017. See Plaintiff's Reply to the Defendant's Memorandum in Opposition to the Plaintiff's Motion to Strike Answer and Affirmative Defenses (DE# 49, 12/4/17) (hereinafter "Reply").

This matter is ripe for adjudication.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC., No. 09-61490-CIV, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (citation omitted). Affirmative defenses fall under the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and should be stricken if they fail to recite more than bare-bones conclusory allegations. Id. at *2 (quoting Home Mgmt. Solutions, Inc. v. Prescient, Inc.,

2

No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." Tsavaris v. Pfizer, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citing Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013); Twombly, 550 U.S. at 555). Affirmative defenses should be stricken when they are insufficient as a matter of law. Pandora Jewelers 1995, Inc., 2010 WL 5393265, at *2 (quoting Microsoft Corp. v. Jesse's Computers and Repairs, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). A defense is legally insufficient only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law. Id.

## ANALYSIS

**1.  Failure to Confer and Defendant's Request for Sanctions**

At the outset, the defendant argues that the instant motion should be denied and the defendant be awarded attorney's fees because the plaintiff failed to comply with its duty to confer with opposing counsel prior to filing the instant motion as required by Local Rule 7.1(a)(3). See Response (DE# 4-7).

Local Rule 7.1(a)(3) states in part:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the

motion in a good faith effort to resolve by agreement the issues to be
raised in the motion. Counsel conferring with movant's counsel shall
cooperate and act in good faith in attempting to resolve the dispute. . . .

S.D. Fla. L. R. 7.1(a)(3).

Prior to filing the instant motion, the plaintiff's counsel sent the defendant's counsel an email. The body of the email stated in full: "We will be moving to strike Defendant's first, third, fifth, sixth and seventh affirmative defenses. Please let me know if you oppose this Motion." Exhibit A (DE# 47-1). The email was sent at 12:10 PM on November 10, 2017. The plaintiff filed the instant motion at 5:04 PM on the same day.

The plaintiff included the following certificate of conferral at the end of the instant motion:

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), counsel for the movant has conferred
with counsel for GRATEFUL J'S, INC., in a good faith effort to resolve the
issues raised in this Motion prior to the its filing and has been unable to do
so. The Plaintiff emailed the Defendant's counsel on November 10, 2017,
and stated the specific reasons for moving to strike each defense and
requested Defendant to advise as to how it would like to proceed. As of
filing this Motion, the Defendant has not responded.

Motion (DE# 44 at 5-6). In its reply, the plaintiff acknowledged that:

The person who drafted the Motion should not have used "conferred"
since opposing counsel had not responded, but this was a harmless error
considering the latter sentence specified when the Plaintiff's counsel
reached out and that a response had not been received at the time the
Motion was filed. The misuse of language in the Conferral Clause was an
accidental mistake.

Reply (DE# 49 at 2).

4

The undersigned finds that the plaintiff did not comply with the requirements of Local Rule 7.1(a)(3). The plaintiff states that it filed the motion without conferring with opposing counsel because the deadline to file the motion was the same day. Reply (DE# 49 at 2) (stating "Given the exigency of time, the undersigned filed the Plaintiff's Motion prior to receiving a response, despite the Defendant's office having five hours to respond to the Plaintiff's e-mail attempting to confer"). However, the plaintiff does not address why it did not attempt to follow up with opposing counsel by telephone after it did not receive a response to the email or why the plaintiff waited until the day the motion was due to attempt to initiate a conferral. The undersigned notes that the defendant filed its Answer on October 27, 2017 and the plaintiff could have attempted to confer with opposing counsel during the approximately two weeks which transpired between the filing of the Answer and the November 10, 2017 filing deadline.

Despite plaintiff's counsel's failure to comply with the Local Rules, the Court will exercise its discretion and not award the defendant sanctions at this time. Nanotech Entm't, Inc. v. R&T Sports Mktg., Inc., No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014) (noting that "the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court."). If the failure to confer continues to occur in this case, either party may raise the issue with the Court.

2. **Merits**

The plaintiff seeks to strike defendant's First, Third, Fifth, Sixth and Seventh affirmative defenses. See Motion (DE# 44). These affirmative defenses state as

follows:

### First Affirmative Defense

77. Plaintiff fails to state a claim upon which relief can be granted.

\*\*\*

### Third Affirmative Defense

79. The RooR marks are invalid under the unlawful use doctrine.

\*\*\*

### Fifth Affirmative Defense

81. Plaintiff's claims are barred because all sales were of licensed products.

### Sixth Affirmative Defense

82. Plaintiff lacks standing to bring claims for State or Federal Unfair Competition.

### Seventh Affirmative Defense

83. Plaintiff is not the real party in interest to file suit for the allegations contained in the Amended Complaint.

Answer (DE# 42 at 5).

The defendant maintains that the challenged affirmative defenses should be treated as specific denials. See Response (DE# 47 at 8). The defendant further states that "[b]ecause [its] affirmative defenses relate to [its] challenges to [the plaintiff]'s claims, they provide notice to both [the plaintiff] and the Court, and therefore are not insufficient nor frivolous, and should not be stricken." Id. at 9.

The Court finds that the First Affirmative Defense provides no notice to either the Court or the plaintiff. As such, there is no justification for the First Affirmative Defense to remain in the defendant's Answer. The First Affirmative Defense is **STRICKEN**.

The remaining challenged affirmative defenses will be treated as denials and not stricken from the Answer because they "'serve[ ] a laudable purpose of placing Plaintiff and the Court on notice of certain issues which Defendant intends to assert against Plaintiff's Claims.'" Rubin v. Serv. Ins. Co., No. 12-23861-CIV, 2013 WL 12162457, at *1 (S.D. Fla. Apr. 23, 2013) (quoting Qualley v. American Bankers Ins. Co. of Fla., No. 03-20228 (S.D. Fla. Apr. 16, 2003)).[2]

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Amended Complaint and Incorporated Memorandum of Law (DE # 44, 11/10/17) is **GRANTED in part and DENIED in part**. The First Affirmative Defense is **STRICKEN**. It is further

ORDERED AND ADJUDGED that the defendant's request for sanctions is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this __4__ day of January, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

---

[2] In Rubins, this Court struck a "so-called affirmative defense" which stated "Plaintiffs' Complaint fails to set forth claims, in whole or in part, upon which relief may be granted by this Honorable Court," but allowed other "so-called affirmative defenses" to remain in the defendant's pleading because they served the purpose articulated in Qualley.